[620 NYS2d 976]

In the Matter of Burton Flax, an Attorney, Resignor.

Second Department, December 19, 1994

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Muriel L. Gennosa* of counsel), for Grievance Committee for the Tenth Judicial District.

*Arthur J. Israel,* New York City, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Burton Flax has submitted an affidavit dated July 29, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Flax was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on June 24, 1953.

Mr. Flax acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial

District into allegations of his professional misconduct. During the time that Mr. Flax was entrusted with the down payment on a contract of sale of a parcel of real property, the balance in his escrow account fell below the amount of the down payment, notwithstanding that no moneys had been disbursed with regard to the subject real estate transaction.

Mr. Flax acknowledges that he cannot successfully defend himself on the merits against the disciplinary charges which the Grievance Committee would initiate against him based upon the aforesaid misconduct.

Mr. Flax is aware that, pursuant to Judiciary Law § 90 (6-a), the Court could, in any order permitting him to resign, require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for the same. He further expresses an awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Flax acknowledges that he is tendering his resignation freely and voluntarily, that he has not been subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement as an attorney for a minimum of seven years.

The Grievance Committee recommends acceptance of the proffered resignation inasmuch as Mr. Flax's misconduct involves the misappropriation and conversion of client funds.

Inasmuch as the proffered resignation conforms with the Court rules, the resignation of Burton Flax as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Burton Flax is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, subject to any future applications by the Grievance Committee for the Tenth Judicial District for orders directing that he make restitution to any client and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a).

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the resignation of Burton Flax is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Burton Flax is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Burton Flax shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Burton Flax is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.